buyers; and finally all were sent to auction, but nothing could be realized from them. The amount paid for them to defendants, and for freight, was a total loss to plaintiffs.

Defendants' testimony tended to show that the fish were, when shipped, of that year's catch, in good condition, properly supplied with brine in sound, tight kegs; and that the bill for them was $51. On this bill was stamped: "All the fish in kegs shipped at purchaser's risk only; we ship same in good order and condition; there our responsibility ceases." After the shipment, defendants received from plaintiffs an order for other goods, dated November 30, 1885, in which was no mention of any defect in the fish, payment for which was made without complaint. The first complaint defendants received was a letter dated December 28, 1885, the postmark on which was dated January 13, 1886.

There was a verdict for plaintiffs for $50 and costs. On *certiorari*, defendants assigned this as contrary to law and evidence; and to the judgment of the superior court sustaining it they excepted.

W. A. BROWN, W. J. ALBERT and E. A. ANGIER, for plaintiffs in error.

THOS. F. CORRIGAN, *contra*.

---

YOUNGBLOOD & HALL *v*. THE GEORGIA IMPROVEMENT CO.

SIMMONS, J.—The decision of this court in the case of *Snook* v. *Georgia Improvement Company*, delivered at the last term, 83 *Ga*. 61, controls this case. The pleas in both cases are in substance the same.
October 21, 1889.                         *Judgment reversed*.

This case was decided by Judge VAN EPPS at the December term, 1888, of the city court of Atlanta.

ABBOTT & SMITH, for plaintiff in error.
PAYNE & HULL, *contra*.